Good morning. The next case on our docket is 20-60462 Rushing v. Yazoo Cty. Mr. Joyner. May it please the court. My name is Sam Joyner and I am representing Mike Rushing, the appellant in this matter. And your honors, this case was dismissed by the lower court based on a statute of limitations that was applied and we believe it was in error of the law. The purpose of a statute of limitations is to deter the state actors from abusing authority and providing a remedy when the authority is abused and the statute of limitations in this matter is not jurisdictional. However, we believe that given the facts that are in this case that have been found by the court that the application of a statute of limitations to Mr. Rushing's causes of actions is not applicable. This involved a county board of supervisors that created a public office, the office of the Yazoo County Public Defenders Office, and in the same order stated that the public defenders shall not receive employment benefits of county employees. That is in violation of the state mandates. It seriously offends public policy and is repugnant to the Constitution on its face. Therefore, we have asserted the doctrine of void ab initio that no statute of limitations should apply and that the damages that we are seeking are timely and proper before the court. It should be apparent to everyone that a public employee receives these benefits and it would even be against public policy for a public employee to bargain or barter or agree to not receive these benefits, let alone it's obviously against public policy. It's the rule that appears applies that it does not apply to part-time that covered under that retirement plan. Is that statutory? Your Honor, it is a statute with a definite meaning. The definition under PERS for part-time requires someone to work less than 20 hours a week and 80 hours a month. And the record reflects that Mr. Rushing has alleged under oath that he worked more than 20 hours a week and 80 hours a month. Also, the defendant or appellee, Alva Taylor in this matter, has admitted that he worked more than 20 hours a week, but she wouldn't admit that he worked more than 80 hours a month. And we asked the court to take judicial notice of 4.3 times 20 is more than 80 hours a month. The other rule of part-time under PERS includes people that are required to work half of the time that the hours are normally set for that Mr. Rushing was required to do to work as long as possible to discharge the duties of the office. So there were no set hours for him to fall under either the 20, 80 hour or the half-time rule to be considered part-time under the PERS statutes. Sir, you're saying it's a violation of the, who violated the PERS rule, PERS or Jasu County? Which defendant are you trying to hold liable here for that denial of the benefits under PERS? Well, your honor, it's twofold. Ultimately, the liability falls on the County and the Board of Supervisors and the other Jasu defendants for creating a board order denying in PERS in the first place, but- So that is your cause of action is against Jasu County is based upon their adoption of this order. Is that correct? Well, it's partially that your honor. It's- Partially, what do you mean by partially? Well, there's, I guess the issue is twofold with PERS being one of the benefits that was just denied without equal protection or due process. But PERS in our argument has the rules. The statutes clearly state when PERS has the duty to enforce the statutes. And as soon as Mr. Rushing found out about the board orders, he first tried to address it with the county by writing a memo to them, laying out all of his legal theories, and requesting to be put on the agenda for the board. But then he also, when that went nowhere, he also went to PERS to defendant Devetta Lee, requesting them to enforce the statutes. And it was his understanding that they were going to look into it and they never got back to him. And so he didn't have any kind of redress through the PERS system. May I ask you, what is the specific relief that you want from Jasu County? And then secondly, what is the specific relief you want from PERS? Specific relief you are asking in this case? Yes, sir. Well, the specific relief from the county would be to pay the delinquent contributions that were by statute into the PERS account. And the specific relief from the county would be to pay the delinquent amount. There are statutes directly on point that say that any delinquent amounts are the obligation of the county and that PERS is to collect that amount. They can do it in a court of competent jurisdiction or they can do it by placing a lien on other state monies that were to go into Jasu County. How many years back do you want this to be? Well, in 2007, the PERS laws changed and said that if you're hired after 2007, you've got to work eight years to vest in PERS and to even ask for credit for prior service. So, I believe that he's entitled to, after we've vested him with the eight years after 2007, to request the other two years when he was there in 1999. So, it would be a total of nine years the second term. So, it would be a total of 11 years of creditable account to pay his delinquent accounts back. And that statute, I believe, PERS still has that duty today because the only statutory thing that says that that duty is cut off is when he actually draws a retirement. Then he has no right to correct his service credits or his accounts and he has not drawn a retirement. He wasn't able to because PERS didn't have him in the system. Part of his overall damages, though, that we're requesting, which I guess could be separated from PERS because PERS has specific statutes that require what we're asking of them and what we're asking of the county. But under the Floyd Ab initio, which in Mississippi says can be challenged at any time, any place, and for any reason, and that because the illegal law is null and void, as if they didn't exist and you don't have to bring a lawsuit, um, and there's no statute of limitations defense to those, uh, because that's how Mississippi views Floyd Ab initio, we've requested that- What is Floyd Ab initio? The, the, uh, the order of the, of the Board of Supervisors? Yes, Your Honor. That- Okay. Go, go ahead, Your Honor. No, that's fine. Okay. Um- And the, it's Floyd Ab initio because they made the position part-time? Why is it Floyd Ab initio? It's, it's Floyd Ab initio because on its face it violated the e-protection clause by saying that public defenders shall not receive the benefits, PERS, and other benefits of county employees. That created a class that they singled out without any kind of purpose or reason, uh, to discriminate against. Um, and it's, it's well known that public employees in the state of Mississippi receive these benefits. It was done without any authority or discretion, uh, whatsoever. It's well known that the counties don't have the authority to override, uh, statu- you know, federal and state mandates as to, uh, FICA and, um, and all these other benefits. Um, so that's the, that's the Floyd Ab initio argument as to why we feel like as a whole the entire benefits package should be, uh, included in the, in the, uh, damages portion of the lawsuit. Um, but specifically regarding PERS is that there is, there are state statutes that still require to this day that PERS collect the delinquent amount plus interest, uh, and to, to give him retroactive service credits. That's, that's statutory. And, and then it even says that failure, failure of, uh, the county to not make those contributions, um, does not relieve them of any liability, and it is still their obligation. So, in effect, what happened was, is when the court found that because Mr. Rushing knew about these claims in 2014, that their time barred, that, that put a, uh, statute of limitations on the, on the county of when they're supposed to pay PERS. It has nothing to do with any duty that was, that was Mike's at the time, Mr. Rushing's. Um, at that, at that time, the duty to pay the employer contribution was, was solely, uh, that of the county, and the duty to collect those contributions was solely that of PERS. Uh, and PERS was to hold that money in trust in the, uh, event that, uh, future, uh, conditions could be met to where he would be eligible. Let me ask you, with respect to district, uh, with respect to Judge Lee's opinion, is there any particular aspect that you center on in that opinion as the fundamental error of the district court? Or are you just saying that he made all of these errors that you're arguing now? Is there a fundamental error that he made that caused him not to understand your claim? Well, it was the, it was the application of, of, of what happens when a ordinance is, uh, entered, that it has the effect of the law. And, and, and it's still the law in Yazoo County now that the public defenders don't get these, uh, benefits. And the application of a statewide system for PERS is not being applied the same in, in Yazoo County as it is in the majority of other counties that pay part-time and full-time public defenders PERS. If we review Judge Lee's opinion, uh, and determine that the order entered by the Yazoo County Board that denied, or denied full-time employment to the public defenders, if we find that law is valid, we need go no further in terms of answering the questions that you've presented. Other than, uh, his, his retirement to PERS, because the only obligation for PERS is for time served, which he did do, uh, after he vested in eight years. And it has, that has the, the, uh, permanency and dependency aspect of it that allows this claim to be under 1983. Um, so yeah, I mean, if, if you find that the, the ordinance of the, of the county was, was valid on its face, then I would say, uh, void ab initio would not apply. Yeah, but does that end your case and end your claim? It does not as to PERS, but it may. And then what is the basis of your claim for PERS then? Aside, we assume that the, that the board at, at Yazoo County acted properly and legally, then what kind of claim do you have against PERS in that event? Well, we've asked for injunctive and declarative relief, uh, for them to enforce the statutes. They are the state agency that is to enforce the public employment retirement system. And they're supposed to enforce it equally amongst all of the counties. And they didn't do that in this case. Uh, and they, they cannot say that they don't pay part-time employees in other counties of public defenders under the same statute created on the same statute, because they do. They administer those accounts. They collect those monies from those counties, but they didn't do it in, in, in this case. And more importantly, Is Yazoo County different from all other counties in the state of Mississippi in the sense that they make the public defender part-time? No, sir. Uh, the majority of, of the counties are part-time, but the part-time... And the second question is, is Yazoo County the only county in the state of Mississippi where the assistant public defenders are not under PERS? No, sir. There, there's very few that do that, but there are a few other counties. The overwhelming majority, I think 43 of them do allow for PERS. Even though they're part-time? Even though they're part-time. Okay, thank you. I'm out, I'm out of time. Mr. Barber? Good morning. I'm Jay Barber, and I represent all the appellees in this case, with the exception of PERS and Devetta Lee. The only issue in this case is whether or not the appellant's when he filed them. That is the ruling that Judge Lee made in granting summary judgment. He did not make any rulings as to the merits of, the substantive merits of the appellant's claims. So the only question in this case is whether or not the claim for time barred when they were filed. And Judge Jolly, to the point that you raised, the appellant's complaint is as to, and only as to, the entry of these two orders in 1997 to 2008, creating the Public Defender's Office in Yazoo County. It's very clear from the allegations in his complaint. He says that those orders unconstitutionally deprived him of membership in PERS, of other benefits to which full-time Yazoo County employees received, and also failed to adequately fund the Yazoo County Public Defender's Office. He has admitted that within 45 days of beginning to serve as a public defender, he knew that he was not enrolled in PERS. He knew he was not receiving other county employee benefits, and he knew that the county was not providing any funding for that office. Now he claims initially he didn't have actual knowledge of those board orders, but he came to know about them in late 2013 or early 2014. And in July of 2014, he writes the memo that Mr. Joyner mentioned. That memo is pages 561 through 563 of the Record on Appeal. And in it, he makes his claims that are eventually filed in this lawsuit. He claims that public defenders are county employees who are entitled to PERS membership in all other county employee benefits. So he asserts those claims, every claim that he's made in this suit, he asserts those claims. But he doesn't file his lawsuit until November 1, 2018, more than four years later. Do you agree that the three-year statute applies? I do, Your Honor, with the exception of the breach of duty. Breach of fiduciary duty claim is a state law claim that we believe actually has a one-year statute of limitations under the Tort Claims Act. If the Tort Claims Act does not apply, that is a three-year statute of limitations, and Judge Lee gave the appellant the benefit of the doubt and analyzed the breach of fiduciary duty claim under a three-year statute and nonetheless found it time-barred because the claims were not filed until more than four years after he initially asserted those claims informally in his July 11, 2014 memorandum. What would bar him from claims that three years, up to three years prior, I mean three years, take that off the 2018 filing date. What's your theory on why he's not entitled to benefits from that date within the three-year period? Because his claims are time-barred first and foremost. He wasn't obligated, the county wasn't obligated to do anything until day by day he accrued time, so it seems to me that he could at least under some theory say, well, for every day I worked during that three-year period, they're not barred because I couldn't have filed a lawsuit as to those claims back in 2014. I'd only filed for what I had actually accrued benefits for. Well again, your honor, his claim, and it's very specifically asserted in his complaint, I would direct the court to paragraph 43 of the second amended complaint, he alleges that he was deprived of membership in PERS. He further alleges that he was entitled to that membership immediately upon beginning to serve in the public defender's office. So his allegation is, I'm deprived of membership that I was entitled to on day one. All right, let's let's take a hypothetical. Let's say I become a public defender today. I know about the order, my first paycheck, I realize they're not deducting anything. When do I have to file suit? I've known about the order from law school, but I take the job and and then when can I sue? When am I barred? When you take the job, because... All right, so the day I take the job and once I sue that day, I can't sue for my first paycheck, a third paycheck, so I'm barred from day one. You can sue for being deprived of membership in PERS. Again, that's his allegation. I'm deprived of membership in PERS, and if you are a government employee, a county employee who otherwise qualifies based upon the particulars of your job, you're entitled to membership on day one. That's his allegation. Let's say I wait a year. I've been employed a year and I bring a lawsuit. Am I barred by limitations from bringing that lawsuit? No. Under that scenario, you would have filed it within one year of the accrual of the claim, and you would have fallen within the three-year statute of limitations on 1983 claims. Now, Your Honor... I don't see why it doesn't accrue as the benefits accrue. In other words, I can't sue until the benefits accrue. I couldn't have sued in 2014 for 2015 benefits or 2017 benefits. Well, again, he's claiming deprivation of membership in PERS, and that membership would have been available to him on day one if he otherwise met the eligibility criteria. Now, as to the eligibility criteria... He's still eligible to be a member of PERS in 2017. He's only eligible to be a member of PERS if he satisfies all of PERS eligibility criteria. I would also... He does, and the only reason that he isn't getting paid or those benefits aren't being accrued for him is because of this county order. He's otherwise, you know, meets the PERS criteria. Again, I'm not hypothetical. I start day one. I wait a year. And I can't sue for three years out because I'm not necessarily going to be working there. I don't understand why the three years doesn't look backwards. The cutoff date is three years prior. Because if he was wrongfully denied of membership in PERS on day one, he doesn't have to sue going forward. If he can prove liability, he's going to be entitled to whatever damage is accrued after the alleged improper deprivation. But so as to your hypothetical, you sue on day one or year one or up to year three after you allegedly are deprived of that membership. You could, of course, sue for damages resulting there at both prior to and thereafter. But he didn't do that here. He waited until a minimum four years after he claims he was entitled. I could see why you would say from 2014 through a certain day, it's more than more than three years. I just don't understand what's your best case on it as your limitations is coextensive with the accrual of benefits, basically. His claim accrued under our precedent, your claim accrues when you believe you've been injured and you believe you know who injured you and how you were injured. And his July 11, 2014 memorandum contains all of that information. So his claim accrued then. He had a three year window to file his suit and he just simply sat on his rights and didn't do it. But your honor, and I know you're talking about a hypothetical here that he does qualify, although I continue to maintain the sole issue of statute of limitations. If you're going to look at is he eligible or not, the statutes under which a county can create a which public defenders and assistant public defenders are appointed, those statutes expressly give a board of supervisors discretion in how they set up the office, how they compensate the employees. Now we cite those statutes are cited in front of us. Well, it's in it's in our summary judgment briefing. And I would agree that that's not relevant to the appeal because it's only statute of limitations that's relevant. But. If the court were looking at was he eligible or not, the county in front of us. Yes, your honor. That's not. So statute question in the I mean, I would understand it is the question is when did the injury occur? What is the injury? The injury is that he is not covered under under PERS or PERS. The injury that occurred occurred whenever he was employed and he was denied coverage. That's his injury. Yes, sir. That is a specific allegation. But again, paragraph 43 of the Second Amendment, a minute complaint that the board orders unconstitutionally deprived him and other public defenders of employee benefits, including membership in PERS. So you're correct, Judge Jolly. I mean, I guess it is some argument. I mean, I don't see I really advise you of a continuing injury every day that he is not covered. I don't quite see that. Well, as yes, you're asked to continuing violation or continuing tort because that's a matter of tolling. It's governed by state law. And we cite the Farb and Stevens cases in our briefing, and they stand for the proposition, Mississippi Supreme Court cases, that a continuing tort sufficient to total the statute is one that involves repeated improper conduct. And it is not one that involves an isolated. Improper act that leads to repeated harm flowing from that act, and that's exactly what you have here. You have board orders that were entered in 97 and 08, which says to Mr. Rushing and anybody else similarly situated your part time employee. You don't get membership in PERS. You don't get county employee benefits. How does that apply to someone who is first hired in 2017? Those board orders precedes those orders by years, decades. So well, the harm occurred before I was even employed. Well, but the harm under your analysis, no one could sue if they were employed more than three years after the orders were from. Well, and it's your honor. It's not our contention that he had three years from the entry of the order. It's our contention that he had at best three years from when he was aware of the orders and he was aware that he believed he had been harmed by those orders. And that was July 11, 2014 per his own memo. So we don't contend that he had to file within three years of the orders being entered because I agree those orders didn't apply to him until he became employed as a have. I mean, you have an injury and then all of the things that flow after the injury are simply damages from that injury. That's our position, your honor. And that's consistent with the holdings of the Mississippi Supreme Court in the Farb and the Stevens cases cited in our briefing. The only other thing I would add, your honor, as I'm running out of time, is the issue of rightness. And it kind of goes back to what we've been discussing here. His contention that he couldn't file until he retired and was supposedly, in his view, eligible to draw retirement. That's not the case because, again, his claims were right when he was deprived of membership in PERS back in 2014. And I would note that in the appellant's briefing, he cites to Mississippi Statute 1911-17 in support of his rightness argument. Well, that statute simply says that a board of supervisors cannot expend monies beyond what it's been budgeted. It has nothing to do with retirement. And he also cites a Hayes versus PERS case for his position that he had to retire or be quasi-vested before he could file the suit. Well, the Hayes case simply says that if you're an otherwise eligible PERS member, you can't draw retirement until you fully separated from your covered employment. And that case did not involve any suit for retirement benefits. Very quickly, as to Voight, I have an issue. That was not an issue raised to the district court. So, our position is it cannot be raised for the first time on appeal to this court. And unless there are any other questions, thank you, members of the court. Ms. Doeble? May it please the court, Christine Doeble for the Public Employees Retirement System, and Devetta Lee in her official capacity. I'll collectively refer to those defendants simply as PERS. The district court dismissed the claims against PERS as moot, given that the claims against Gassiw County are barred, and that decision should be affirmed. As I think the argument so far today has demonstrated, PERS is basically a tag-along defendant to the claim. Asserted against Gassiw County. Indeed, funding for PERS comes from employee and employer contributions and classification of eligible employees for PERS is determined by the employer based on the employment relationship. Here, each time the Gassiw County Board of Supervisors established a public defender's office, first in 1997, and then again in 2008, the board's orders specifically stated that public defenders are part-time employees with no fringe benefits. As Gassiw County pointed out, Rushing concedes he had actual knowledge that he was not enrolled in PERS within about a month of beginning both his first and his second terms in the Gassiw County Public Defender's Office. So that would be about mid December of 1998, and then again by mid December of 2009. Because of this, the district court dismissed the claims against Gassiw County as barred by the statute of limitations. Notably, if you look on reply brief at 21, the plaintiff's reply brief, Rushing does not dispute that PERS cannot enroll him unless and until all employer and employee delinquent contributions plus interests are paid. And because plaintiff's claims against Gassiw County are barred, and Gassiw County cannot be ordered to enroll plaintiff as a member of PERS or pay all delinquent contributions, plaintiff's claims against PERS also necessarily fail. And unless this court has any specific questions, I will cede the remainder of my time and reiterate our request that the district court be affirmed. Thank you. Mr. Joyner. Yes, Your Honor. First off, PERS is not a tag-along defendant in this case. They have a duty to collect. They're the state agency. They trump the county. They have the duty to enforce their statutes. Their statutes clearly say that all county employees are eligible for PERS upon employment. Now, what we're saying is that the county board ordered that- What does that mean, Mr. Joyner, if they're eligible? I mean, it's normally said that the county determines who is eligible and who is not. Well, I don't believe that's- I do dispute that, Your Honor. For PERS purposes, it's PERS' duty to- And it also says, the statute says that if an error has been deemed to occur, that it's PERS' duty to require the county to pay the delinquent employee's contribution or the delinquent employer's contributions plus interest. And PERS has a specific definition of employee and employer, and it includes all public offices and the employees. So, a state agency charged with the enforcement authority of this PERS regulation trumps a county making an order with no authority and no discretion saying they're not going to pay these things. That is a void ab initio clause in that order, and it is as if it is not even there. So, that means that when he checked his employment, he was vested as a matter of law in PERS, and the PERS had the duty to vest him and to collect these accounts. It was not on him to collect those amounts. The only thing- The only obligation that was- that of Mr. Rushings was to work the required eight years to become eligible for a pension, which he did do. And then, according to the Hays case and the statutory language, actual retirement- actual resignation or termination is required to be eligible to receive your pension. And since as a matter of law, he vested without any authority of the county to do anything involving that. He vested in his right of PERS. PERS had the duty to do it. The county had the duty to pay it, and then he worked the required eight years, and then he resigned, and then he is- And an important note is that we did not only just sue to become members of PERS. We sued for the missed pensions from the day that he resigned and tried to draw this retirement and tried to get PERS to enforce these statutes, and they wouldn't do it. You said that- You said PERS is statutorily obligated to pay benefits from PERS to every county employee who meets the minimum hourly requirements. And they're required to collect that amount from the county so that there is money to pay. That's statutory. The counties are mandated to put their employees under PERS. Yes, sir. Okay. You know, on the issue of right now that we've talked about this entire time, had he tried to bring this claim at any time before he worked his eight years, would have been supposedly vested. It would have been before he had a present injury. He was not injured in this case by the county not paying PERS back when they were supposed to do those payments and PERS not collecting that money. He was injured when he worked. When he did all of his obligations as a matter of- and worked for eight years and resigned- When did the eight years requirement come into effect? It was in 2007, and it said to get any prior service credit and to vest, you have to work after 2007, eight years. And he did that in 2016. And then the other statutory requirement for him to be entitled and vested in a right to his pension is resignation or termination. He resigned in November 15th of 2017, and he brought this cause of action November 1st of 2018 within one year of his resignation. So, if there is a statutory limitation that applies at all, it would be after his resignation. And he did file within one year of that. Thank you, counsel. We have your argument. Thank you. Thank you. The court will take a brief recess.